# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maninderjit Singh Brar,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Respondents. | No. CV-26-00490-PHX-DJH (JZB)<br><br>**ORDER** |

Petitioner filed this action under § 2241 challenging his immigration detention. (Doc. 1.) Petitioner claims he was released from immigration detention in April 2024 2022 on an Order of Release on Recognizance. (Doc. 1-1 at 5.) The Court issued an Order to Show Cause why the § 2241 Petition should not be granted. (Doc. 5.) Upon review of the briefing, the Court grants the Petition and directs Petitioner's immediate release from custody.

## I.     Background

Respondents' response says Petitioner entered the United States without inspection on April 8, 2023. He was apprehended, issued a Notice to Appear and released into the United States on his own recognizance. Petitioner was rearrested on December 29, 2025, and is being held in immigration custody.

## II.     Discussion

Respondents assert "[a]lthough it is unclear what authority immigration officials identified to justify Petitioner's initial release, *it must have been* 8 U.S.C. § 1182(d)(5)."

(Doc. 6 at 2 n. 2.) (emphasis added)  But Respondents do not provide Petitioner's Notice to Appear or provide any evidence to support their speculation that Petitioner's removal proceedings were initiated under 8 U.S.C. § 1225.

Respondents so not address the cases cited in the Court's OSC or explain why they do not apply to this case.  And the cases cited by Respondents are inapposite to the circumstances presented here.  (*See id.* at 3-4.)  First, Respondents cite *United States v. Cisneros*, No. 19-CR-00280-RS-5, 2021 WL 5908407, at *4 (N.D. Cal. Dec. 14, 2021), for the proposition that "[t]he law does not require a hearing before arrest" where a noncitizen released from ICE custody had been picked up by the San Francisco Police Department for assault." (*Id.* at 3-4.)  But in *Cisneros*, probable cause was present to support an arrest. That is evidently not the case here.

Respondents also point to *Reyes v. King*, No. 19 CIV. 8674 (KPF), 2021 WL 3727614, at *11 (S.D.N.Y. Aug. 20, 2021), which held "the Court is not persuaded that it should find a due process right to a pre-detention hearing where a noncitizen, subject to pending removal proceedings and in the midst of litigating a dispute over the BIA's decision to revoke his bond, is at risk of being re-detained after being at liberty for more than two years."  But *Reyes* involved a scenario where there *was* a purported justification for revoking petitioner's bond and, moreover, the district court ordered petitioner to receive a bond hearing within 7 days of being redetained if respondents elected to redetain him. The facts in *Reyes* are distinguishable from those here.

Finally, in *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *8 (N.D. Okla. June 12, 2025), while the district court determined the statutory scheme did not prohibit the revocation of petitioner's bond, the court did not address petitioner's constitutional claim.

Indeed, the Court notes the body of authority holding that individuals like Petitioner who were released from immigration detention on an order of recognizance are entitled to a pre-deprivation hearing *prior to* any rearrest or detention as a matter of due process.  *See*, *e.g.*, *Tinoco v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3567862, at *2, *5-7 (E.D. Cal. Dec.

14, 2025) (granting petitioner's temporary restraining order for immediate release from custody where petitioner was released on an order of release on recognizance, re-detained three years later, and was not given a bond hearing) (emphasis added); *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182-84 (D. Haw. 2025) (same); *Aguirre Solis v. Noem*, 2:26-cv-00053-RFB-EJY, 2026 WL 396432, at \*2, \*5 (D. Nev. Feb. 12, 2026) (concluding petitioner's re-detention after release on recognizance without a hearing and opportunity for release was unlawful under the INA and the Due Process Clause of the Fifth Amendment and ordering his immediate release from detention).

What is more, Respondents do not address the three-pronged test in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) that explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

As to the first factor, being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, (2004) (directing courts, when assessing the first *Mathews* factor, to consider only the petitioner's interests at stake in ongoing detention without consideration of the respondents' justifications for the detention). An individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The first *Mathews* factor

favors Petitioner.

As to the second factor, "the risk of an erroneous deprivation [of liberty] is high" where, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *Dushyant v. Albarran*, No. 1:26-cv-00502-JLT-SKO (HC), 2026 WL 682887, at *4 (E.D. Cal. Mar. 11, 2026) (citation omitted). "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." *Id.* (citing *Zadvydas*, 533 U.S. at 690; *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023)). No neutral arbiter has determined whether the facts show that Petitioner is a flight risk or danger to the community. "Given the absence of any procedural safeguards to determine if his detention was justified, 'the probable value of additional procedural safeguards, i.e., a bond hearing, is high.'" *Id.* (citation omitted). The Court concludes there is a risk of erroneous deprivation if no facts are provided to justify the re-detention of individuals without a neutral decisionmaker first evaluating whether re-detention is warranted. The second *Mathews* factor weighs in favor of Petitioner.

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest [a petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, detention hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). And Respondents' interest here is even lower because he was previously released on parole after immigration officials determined he was not a flight risk or danger to the community, and there is no indication Petitioner violated any condition of his parole. *See Pinchi v. Noem*, No. 25cv05632-RMI, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained."); *Telenchana v. Hermosillo*, 2:26-cv-00363-GJL, 2026 WL 696806, at *9 (W.D. Wash. Mar. 12, 2026) (concluding that re-

detention of petitioners who had been released on their own recognizance violated due process under the *Mathews* framework because petitioners had "established liberty interests," "the absence of pre-deprivation procedures in their re-detentions created an unacceptably high risk of erroneous deprivations, and "the governmental interest in their re-detention without adequate process [was] minimal or non-existent").

The Court finds that the *Mathews* factors weigh in favor of determining Petitioner was entitled to a hearing before he was re-detained. The Court finds that immediate release, rather than requiring a bond hearing, is the appropriate remedy. *See Ruiz v. Noem*, No. 3:25-CV-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025) ("[G]iven Respondents' 'weighty' interest in the 'efficient administration of the immigration laws,' *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [previous] hearing."); *Ramirez Tesara v. Wamsley*, No. C25-1723-KKE-TLF, 2025 WL 3288295, at *6 (W.D. Wash. Nov. 25, 2025) (directing immigration detainee's immediate release after he was re-detained following his parole's expiration); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release).

For all these reasons, the Petition will be granted, and Petitioner will be ordered released from custody immediately.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to the due process claim in Count Two. The remainder of the Petition is denied as moot.

**IT IS FURTHER ORDERED** Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his re-detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

///

///

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 29th day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge